**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

————————————————————
:
MICHAEL TAYLOR,                            :
:   Civil Action No. 05-3556 (FLW)
        Petitioner,         :
:
    v.                                  :       **O P I N I O N**
:
WARDEN JOHN NASH,                          :
:
        Respondent.         :
:
————————————————————

**APPEARANCES:**

Michael Taylor, <u>Pro Se</u>
#02709-052
P.O. Box 7000, Unit 5802
Federal Correctional Institution
Fort Dix, NJ 08640

**WOLFSON, District Judge**

    This matter is before the Court on Petitioner's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), dated September 29, 2005 and filed by the Clerk of the Court on October 3, 2005. Petitioner asks for reconsideration of this Court's Order of September 22, 2005, dismissing his petition for habeas corpus relief. Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion.

**BACKGROUND**

    By order dated September 22, 2005, this Court dismissed Petitioner's petition for a writ of habeas corpus for lack of jurisdiction. The Court noted that Petitioner previously had

filed in this Court at least seven other § 2241 habeas petitions challenging the same conviction, naming the same respondent, and raising the same claims.  The Court also noted that on May 24, 2004, this Court had entered an Order in Civil Action No. 03-4283 transferring Petitioner's habeas petition to the United States Court of Appeals for the Second Circuit, for certification as a second or successive motion under 28 U.S.C. § 2255.

The petitioner now moves for reconsideration, stating that he incorrectly stated various points of law in his petition, and referring to the merits of the petition.

## DISCUSSION

Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living

2

Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998). However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner fails to present any new facts in support of his Motion for Reconsideration, nor does he point to any intervening change in the law governing those claims. This Court has considered the merits of Petitioner's arguments previously. See Taylor v. DeRosa, Civil Action No. 03-4283 (RBK). Nothing Petitioner presents in support of his motion suggests that the Court has overlooked key evidence or has made a fundamental error in law in dismissing his habeas petition for lack of jurisdiction. Therefore, his motion for reconsideration will be denied.

**CONCLUSION**

For the reasons set forth above, Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) to reconsider the Court's Order of September 22, 2005 is hereby denied.

An appropriate Order accompanies this Opinion.

                                                  s/Freda L. Wolfson
                                                  FREDA L. WOLFSON
                                                  United States District Judge

DATED:   March 7, 2006